## In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

### MDL No. 1038.

United States District Court, E.D. Texas, Beaumont Division.

Nov. 14, 1996.

*ORDER REGARDING THE DIRECT FILING OF CASES IN THE MDL 1038 TRANSFEREE COURT*

SCHELL, Chief Judge.

In some instances, Norplant lawsuits that are subject to MDL 1038 jurisdiction are being filed directly in this transferee court rather than in what would otherwise be a more appropriate venue. This direct filing strategy not only bypasses the multidistrict litigation statute providing for transfer and later remand, but also threatens to burden this court with unnecessary transfer decisions under 28 U.S.C. § 1404(a).[1]

Transfers under 28 U.S.C. § 1407(a)[2] are done "for the convenience of parties and

---

1. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. 28 U.S.C. § 1407(a) provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for

**4**

witnesses and ... [to] ... promote the just and efficient conduct of such actions." Section 1407(a) also provides that "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated...." If a party avoids the need for an MDL transfer order by filing directly in this court, the court is unable to rely on § 1407 for the efficient remand of such case to the proper venue after pretrial proceedings are concluded. Instead, the court is forced to engage in the more burdensome task of relying on 28 U.S.C. § 1404(a) in evaluating the need for a change of venue.[3]

Therefore, in determining where future cases subject to MDL 1038 jurisdiction should be filed, plaintiffs' counsel are urged to not only consider the broad provisions of 28 U.S.C. § 1391, but to also keep in mind the objectives of 28 U.S.C. § 1404(a).

coordinated or consolidated pretrial proceedings."

3. The court finds that transfers under 28 U.S.C. § 1406, if applicable, would be equally burdensome and result in the inefficient use of the court's resources.